# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VALERIE HESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:16CV911 |
| ) | |
| JONATHAN BLAIR BISER, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon an application to proceed *in forma pauperis* ("IFP") (Docket Entry 3) by Plaintiff Valerie Hester, and under frivolity review pursuant to 28 U.S.C. §1915(e)(2)(B).[1] After review of Plaintiff's IFP application, the Court will grant Plaintiff's motion to proceed *in forma pauperis*,[2] but only for the limited purposes of entering this order and recommendation for dismissal of this action for lack of subject matter jurisdiction.

Plaintiff's Complaint asserts several allegations against Defendant Jonathan Blair Biser ("Biser") who previously represented Plaintiff in her pursuit of disability benefits. (*See generally* Complaint, Docket Entry 1.) Plaintiff complains that Biser conspired with the Social Security Administration and others "to commit fraud and corruption against [her] life, health and [her]

---

[1] Also before the Court is Plaintiff's Motion to Expedite (Docket Entry 6) and Defendant's Motion to Dismiss (Docket Entry 7) which the Court will recommend be denied as moot.

[2] Based upon Plaintiff's representations to the Court, Plaintiff has shown that she is unable to pay fees and costs associated with said action. This status will be granted for the sole purpose of entering this Order and Recommendation.

person." (*Id.* at 1.) She further complains that Biser "got [her] no healthcare at all." (*Id.*) Plaintiff alleges that she instructed Biser to provide medical evidence to the Court concerning her disability claim which Biser "refused over and over." (*Id.*) Plaintiff avers that Defendant is grossly negligent, and she seeks 6.9 million dollars in damages. (*Id.* at 4.)

The Court is required to dismiss frivolous or malicious claims, and any complaint that fails to state a claim for upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v.. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As a part of its review, the Court may also consider the question of subject matter jurisdiction. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Wright v. Huggins*, No. 5:09-CV-551-D, 2010 WL 2038806, at *2-3 (E.D.N.C. Mar. 11, 2010) (dismissing complaint for lack of subject matter jurisdiction as part of the district court's frivolity review under 28 U.S.C. § 1915).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, original jurisdiction lies in two types of cases: (1) those involving a federal question and (2) those involving diversity of citizenship. 28 U.S.C. §§ 1331 and 1332(a). In order for a federal court to obtain jurisdiction on the basis of diversity of citizenship, the amount in controversy must exceed $75,000 and there must be diversity of state or foreign citizenship between the parties. *Chandler v. Cheesecake Factory Rests., Inc.*, 239

2

F.R.D. 432, 438 (M.D.N.C. 2006). The plaintiff bears the burden of showing that jurisdiction exists. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Should the Court conclude that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

A review of Plaintiff's Complaint reveals that the Court lacks jurisdiction over this matter. Plaintiff's allegations are insufficient to establish a basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. Instead, Plaintiff's allegations amount to nothing more than legal malpractice or attorney negligence based in state tort law.[3] Thus, Plaintiff would need to demonstrate jurisdiction based upon diversity of citizenship for this action to proceed before the Court. Plaintiff fails to meet that burden because it is clear that both Plaintiff and Defendant are residents and citizens of North Carolina. Because the Court lacks subject matter jurisdiction, it should dismiss this action. *Carew v. Allen*, No. 5:94-CV-920-BO(2), 1995 WL 783606, at *1 (E.D.N.C. Apr. 20, 1995), *aff'd*, 73 F.3d 356 (4th Cir. 1995) ("There is no diverse citizenship, and the court lacks subject matter jurisdiction on that basis.").

For the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Docket Entry 3) is **GRANTED** for the sole purpose of entering this Order and Recommendation.

**IT IS HEREBY RECOMMENDED** that the Complaint be dismissed for lack of subject matter jurisdiction. In light of the recommendation of dismissal, **IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Expedite (Docket Entry 6) and Defendant's Motion to Dismiss (Docket Entry 7) be **DENIED** as moot.

---

[3] Here, Plaintiff's claims for fraud and civil conspiracy would also be based in state law.

Case 1:16-cv-00911-NCT-JLW   Document 10   Filed 02/16/17   Page 3 of 4

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

February 16, 2017
Durham, North Carolina